UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK RUBBIN WATKINS,

        Plaintiff,

v.                                Case No. 3:21-cv-01090-BJD-LLL

T.R. CHASE, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Derrick Rubbin Watkins, initiated this action pro se in the United States District Court for the Southern District of Florida by filing a complaint for the violation of civil rights (Doc. 1) and a motion to proceed in forma pauperis (IFP) (Doc. 2). The Southern District transferred the action to this Court because Plaintiff complains that his Duval County arrest was illegal. See Order (Doc. 4). In this Court, Plaintiff filed an amended complaint (Doc. 9; Am. Compl.) and a second amended complaint (Doc. 10; SAC).

In his second amended complaint, Plaintiff names four Defendants: three officers and the Duval County Jail. See SAC at 2-3. Plaintiff alleges two officers "illegally searched, seized, and arrested [him] without [a] warrant or probable cause" and did not read him his Miranda rights. Id. at 4. He says the two arresting officers "forcefully took [his] finger prints [sic]" and threatened him.

Id. He sues the third officer because that officer "approved the illegal arrest, search, and seizure as [a] supervisor." Id. Plaintiff contends he was sent to UF Health after his arrest because the officers' use-of-force caused him to have "breathing difficulty," but he does not explain how any force used against him during the arrest caused him such injury. Id. at 6, 7. Finally, Plaintiff says he was "illegal[ly] extradited on June 8, 2021. Id. at 6.[1]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1] Plaintiff explains in his amended complaint that he was arrested in Jacksonville on April 3, 2021, and detained at the Duval County Jail pending his extradition to Wisconsin on an outstanding violation of probation charge. See Am. Compl. at 2. Plaintiff is now being held at the Milwaukee County Jail pending trial. See Milwaukee County Office of the Sheriff, website available at http://www.inmatesearch.mkesheriff.org/ (last visited Dec. 20, 2021). Confusingly, on November 30, 2021, Plaintiff filed a notice of change of address, asking that his mail be sent somewhere other than the jail. See Notice of Change of Address (Doc. 12). He mailed the notice from the jail, and, as of December 10, 2021, his criminal docket for case number 2021CF002537 shows he remains "in custody." See Wisconsin Circuit Court Access, available at https://wcca.wicourts.gov/ (last visited Dec. 20, 2021).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. More than conclusory and vague allegations are required to state a cause of action under § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must

3

. . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam) (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Plaintiff identifies the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as the sources of constitutional protections he contends Defendants violated. However, given Plaintiff primarily challenges his arrest, the Fourth Amendment's protections are implicated. The Fourth Amendment provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a [§] 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996). However, "the existence of probable cause at the time of arrest is an absolute bar to a § 1983 claim challenging the constitutionality of the arrest." Watkins v. Johnson, 853 F. App'x 455, 460 (11th Cir. 2021) (quoting Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010)). See also Hesed-El v. McCord, 829 F. App'x 469, 472 (11th

Cir. 2020) ("[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest.").

Plaintiff fails to allege a plausible false arrest claim because he does not allege facts permitting the reasonable inference that the officers lacked probable cause to arrest him. Instead, Plaintiff merely espouses buzzwords, saying the officers "illegally searched, seized, and arrested [him] without [a] warrant or probable cause." <u>See</u> SAC at 4. Such conclusory, vague allegations are insufficient to state a claim under § 1983. <u>See</u> <u>L.S.T.</u>, 49 F.3d at 684. <u>See also</u> <u>Hesed-El</u>, 829 F. App'x at 472 (affirming dismissal of a false arrest claim because the plaintiff's "conclusory assertion that [the officer] acted without probable cause [was] devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); <u>Wright v. Dodd</u>, 438 F. App'x 805, 806 (11th Cir. 2011) (affirming <u>sua</u> <u>sponte</u> dismissal of the plaintiff's § 1983 complaint because the plaintiff alleged only "in conclusory fashion that the police arrested [him] without a warrant," and he did not "allege any facts showing that the police lacked probable cause to arrest him").

Even more, however, Plaintiff himself acknowledges the arresting officers learned he was wanted on an out-of-state warrant, <u>see</u> Am. Compl. at 2; SAC at 6, which belies his conclusory contention that the officers lacked probable cause to arrest him. <u>See</u> <u>Sosa v. Martin Cnty., Fla.</u>, 13 F.4th 1254,

1264 (11th Cir. 2021) ("Where, as here, a warrant has issued, that warrant represents a determination of probable cause."). In accord with Plaintiff's allegations, his arrest and booking report confirms the officer who arrested him, Defendant T.R. Chase, did so after learning Plaintiff had an active warrant out for his arrest. Officer Chase explains in the report that he/she "was dispatched to St. Johns Town Center . . . in reference to a disturbance." See Duval County Case Number 16-2021-MM-004268, doc. 1, available at https://core.duvalclerk.com/CoreCms.aspx (last visited Dec. 21, 2021). Plaintiff was the subject of the disturbance. Id.

Officer Chase ran Plaintiff's name through the law enforcement database and discovered Plaintiff had "a valid warrant for his arrest out of Wisconsin." Id. Officer Chase confirmed the warrant was valid by calling a dispatcher, who advised the "Wisconsin Department of Corrections was contacted . . . and . . . would extradite [Plaintiff]." Id. Thus, Officer Chase transported Plaintiff to the detention facility,[2] where Plaintiff was held until he was returned to Wisconsin on a Governor's Warrant. Id. docs. 9, 24.[3]

_____

[2] Even if Officer Chase failed to read Plaintiff his Miranda rights upon arrest, Plaintiff has not stated a plausible claim under § 1983. See Wright, 438 F. App'x at 807 ("[The plaintiff's] allegation that his Miranda rights were violated does not give rise to a cognizable claim under § 1983.").

[3] Plaintiff was "informed of [his] right to test the legality of [his] arrest of [his] other rights under the Uniform Criminal Extradition Law" and afforded time to file a writ of habeas corpus, which he did not do. See Duval County Case Number 16-

Because Plaintiff fails to allege facts showing Officer Chase lacked probable cause to arrest him, he has not stated a plausible false arrest claim. Accordingly, any claim against the other two officer-Defendants based on an alleged unlawful arrest necessarily fails.

Plaintiff also suggests the officers who arrested him used excessive force, which caused him to experience "breathing difficulty." See SAC at 6. Plaintiff's conclusory assertion is devoid of factual explanation and, therefore, insufficient to state a plausible excessive force claim under § 1983. See L.S.T., 49 F.3d at 684. Moreover, a review of the arrest report shows Plaintiff's breathing issues were self-inflicted: Officer Chase reported that Plaintiff, while in the patrol car, "began banging his head against the partition . . . . [and] attempted to choke himself with the seatbelt," prompting the officer to call rescue. See Duval County Case Number 16-2021-MM-004268, doc. 1, available at https://core.duvalclerk.com/CoreCms.aspx (last visited Dec. 21, 2021).

To the extent Plaintiff intended to assert a malicious prosecution claim, he has failed to do so. A plaintiff pursuing a malicious prosecution claim must allege and prove that "officers instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated in his

---

2021-MM-004268, doc. 24, available at https://core.duvalclerk.com/CoreCms.aspx (last visited Dec. 21, 2021).

favor and caused damage to him." Williams v. Aguirre, 965 F.3d 1147, 1157 (11th Cir. 2020) (quoting Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019)). The Court takes judicial notice that the charges against Plaintiff have not terminated in his favor.[4] And this Court will not interfere in Plaintiff's pending criminal actions. See Turner v. Broward Sheriff's Off., 542 F. App'x 764, 766 (11th Cir. 2013) ("The Younger abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." (citing Younger v. Harris, 401 U.S. 37, 41 (1971))).

Finally, even if Plaintiff had a viable claim against any named officer, he may not proceed against the Duval County Jail because a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (citing Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992)).

Accordingly, it is

**ORDERED:**

1.    This case is **DISMISSED without prejudice**.

---

[4] Plaintiff has two felony cases open in the Milwaukee County Court: 2021CF002537 and 2021CF002920. He is scheduled to proceed to trial in one case on January 10, 2022, and in the other case on February 14, 2022. See Wisconsin Circuit Court Access, available at https://wcca.wicourts.gov/ (last visited Dec. 20, 2021).

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of December 2021.

_____
BRIAN J. DAVIS
United States District Judge


Jax-6
c:     Derrick Rubbin Watkins

9